IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODRICK LAKIRK SCOTT, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2588 |
| | § | |
| ALFONSO CASTILLO, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against nine Texas Department of Criminal Justice ("TDCJ") employees for violations of his civil rights.  Defendants filed a motion for summary judgment based on failure to exhaust (Docket Entry No. 21), to which plaintiff filed a response (Docket Entry No. 29).

Based on consideration of the motion, the response, the record, and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for summary judgment, and **ORDERS** as follows.

## I.  FACTUAL BACKGROUND AND CLAIMS

Plaintiff complains that, on July 3, 2008, while confined at the Estelle Unit of TDCJ, he was wrongfully assaulted by prison officers Beau Fielder, Rocky West II, and Charlsie Hall in a use of force incident, and that a supervisory officer failed to intervene to stop the assault.  He further claims that Fielder, West, Hall, and other prison officers then conspired

to file false disciplinary charges against him for assaulting the officers, and that supervisory officers constructed and promoted an unwritten policy of using excessive force against offenders at the Estelle Unit.  He seeks compensatory damages.

Defendants allege that plaintiff did not file any prison grievances for the claims raised in the instant lawsuit, and move to summarily dismiss this lawsuit for failure to exhaust. Plaintiff asserts that he fully and timely exhausted his remedies through the prison grievance system.

## II.  STANDARD OF REVIEW

In deciding a motion for summary judgment, the district court must determine whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the summary judgment evidence, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-movant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

## III.  MOTION FOR SUMMARY JUDGMENT

A.      Excessive Force Claim

Defendants state that plaintiff failed to file any grievances regarding the use of force incident of July 3, 2008.  Plaintiff responds that he exhausted his excessive force claim by

2

filing a grievance on July 5, 2008, and that defendants are lying in saying that they never received it. Thus, the parties are in complete disagreement as to exhaustion.

The Fifth Circuit Court of Appeals has recently revisited and clarified the question of how federal district courts are to resolve exhaustion disputes such as this. In *Dillon v. Rogers*, the Fifth Circuit confirmed that "failure to exhaust" is an affirmative defense that must be raised and established by the defendant prison officials in a state inmate section 1983 lawsuit. 596 F.3d 260, 272-73 (5th Cir. 2010). The Court further held that:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing, if necessary. Then, if the judge determines that the plaintiff has exhausted administrative remedies or that his or her failure to exhaust should be excused, the case may proceed to the merits. On appeal, when the judge below has served as factfinder, we will review rulings on exhaustion de novo, but will accept the judge's factual conclusions unless they are clearly erroneous.

*Id*. (citations and footnote omitted). Thus, this Court will address first defendants' motion for summary judgment based on failure to exhaust.

Prison inmates are required to exhaust all available administrative remedies prior to filing suit in federal court. *Jones v. Bock*, 549 U.S. 199, 217 (2007). Proper exhaustion requires that a prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-93

(2006)   A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84.  Failure to exhaust is an affirmative defense, and defendants bear the burden of pleading and proving that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. *Jones*, 549 U.S. at 216; *Dillon*, 596 F.3d at 272.

As to plaintiff's claim for use of excessive force, defendants here assert, and provide probative summary judgment evidence establishing, that they received no grievances from plaintiff between August 28, 2007, and October 6, 2008, and specifically none grieving the excessive force incident of July 3, 2008.  (Docket Entry No. 21, p. 7.)  They argue that plaintiff's step 1 grievance filed on October 6, 2008, complained only that prison officials had failed to process his excessive force grievance filed July 5, 2008.  In responding to the grievance of October 6, 2008, prison officials informed plaintiff that their last grievance from him was dated August 27, 2007.  Plaintiff's ensuing step 2 grievance, filed October 28, 2008, requested an investigation into his apparently misplaced grievance of July 5, 2008.  *Id.*, Exhibit A, pp. 5-8.  Prison officials responded that their investigation of the "misplaced grievance" claim found nothing to support plaintiff's allegation that he had filed the grievance.

Plaintiff, on the other hand, reports that, on July 5, 2008, while in administrative segregation following the use of force incident, he completed and gave a step 1 grievance to offender Michael Arbor to place in the grievance box.  In his affidavit attached to the

4

response, offender Arbor testified that he had placed plaintiff's grievance in the Estelle Unit's grievance box on July 5, 2008. Plaintiff states that this grievance had complained of the excessive force used by defendants Fielder and Hall on July 3, 2008. Arbor's affidavit, submitted under penalty of perjury, constitutes probative summary judgment evidence that the grievance was filed.

Because defendants show no record of such grievance, but plaintiff and his witness state that the grievance was completed and filed, a genuine issue of material fact is raised as to whether plaintiff exhausted his administrative remedies against defendants Fielder and Hall regarding the use of force incident. Defendants fail to establish that they are entitled to summary judgment as a matter of law on this issue of exhaustion. Consequently, defendants' motion for summary judgment seeking dismissal of plaintiff's excessive force claim as unexhausted is **DENIED**.

B.   Remaining Claims

In addition to his excessive force claim, plaintiff raises claims for (1) a supervisory officer's failure to intervene and stop the use of excessive force; (2) a conspiracy among prison officers to file false disciplinary charges; and (3) the construction and promotion of an unwritten policy by supervisory officers to allow the use of excessive force against offenders. Defendants argue that plaintiff did not exhaust these claims. Because plaintiff raises no genuine issue of material fact regarding exhaustion of these claims, defendants are entitled to summary judgment dismissal of the claims for failure to exhaust.

A review of plaintiff's grievances attached to his response to the motion for summary judgment reveals no mention of these other claims. Although his step 1 grievance of October 16, 2008, complained that, Warden Castillo "conspired" with a security officer to "mess" with his mail, refuse him proper medical treatment, and deny him access to courts, these allegations do not encompass the claims raised in this lawsuit. Further, the step 1 grievance was returned for "no documented attempt at informal resolution," and no step 2 grievance was pursued.

Defendants' summary judgment evidence establishes their entitlement to dismissal of these remaining claims for failure to exhaust. Accordingly, the motion for summary judgment is **GRANTED** and these remaining claims are dismissed for failure to exhaust.

## IV.  FAILURE TO EXHAUST

Although the Court has denied summary judgment dismissal of plaintiff's excessive force claim for failure to exhaust, the exhaustion issue remains extant. The Fifth Circuit's decision in *Dillion* directs this Court to resolve disputed facts concerning exhaustion where plaintiff has survived summary judgment on exhaustion. 596 F.3d 260, 272-73. While *Dillon* authorizes this Court to hold an evidentiary hearing *if necessary*, the record in the instant case is sufficiently developed to allow resolution of the issue without an evidentiary hearing.

The burden of proving the affirmative defense of failure to exhaust remains on defendants. As proof of non-exhaustion, defendants show that they did not receive the

relevant grievance of July 5, 2008. Plaintiff shows that he submitted the relevant grievance through another offender, who placed it in the grievance box on July 5, 2008. Plaintiff states that, because he received no response to the grievance, he sent a follow-up note on September 16, 2008, addressed to "Grievance Coordinator." No response to this note appears in the record, nor do defendants acknowledge that it was ever received.

Plaintiff did not file a step 2 grievance regarding the July 5, 2008, step 1 grievance. He instead filed another step 1 grievance on October 6, 2008, complaining that no action had been taken on his July 5, 2008, step 1 grievance. In their grievance response of October 20, 2008, prison officials stated that there was no record of the July 5, 2008, grievance and that, "If you have a grievance that you feel was not received and worked send this office an I-60." Plaintiff then submitted a step 2 grievance complaining of the "misplaced" original grievance, to which prison officials responded on December 2, 2008, that their investigation found no support for his claim of a "misplaced" grievance. Plaintiff subsequently filed the instant lawsuit on August 11, 2009.[1]

If TDCJ grievance regulations or policies require inmates to follow certain procedures when a step 1 grievance is unacknowledged by prison officials, defendants have not so advised the Court. Nor do they dispute plaintiff's allegation that he sent a follow-up note to

---

[1]Plaintiff also attempts to show exhaustion through the filing of a typed step 1 grievance regarding the use of force incident. (Docket Entry No. 20, Exhibit 6.) Another offender typed the grievance for plaintiff and states that he witnessed plaintiff place it in the grievance box on March 6, 2009. *Id.*, Exhibit 9. The grievance appearing in the record is unsigned, unprocessed, and untimely, and does not evince exhaustion.

the grievance coordinator in September 2008 inquiring into the status of the July 5, 2008, grievance.

Further, because plaintiff never received a response to the disputed step 1 grievance, his failure to file a step 2 grievance is of no moment. *See Rosa v. Littles*, 336 F. App'x 424, 428 (5th Cir. 2009) (noting that TDCJ grievance procedures require an inmate to file a step 2 grievance within fifteen days of the receipt of an unsatisfactory step-one response). Rather, the factual dispute before this Court is whether defendants have established that plaintiff failed to file a timely step 1 grievance regarding the excessive force incident.

Having carefully considered the record as a whole, the Court resolves this factual dispute in plaintiff's favor and finds that plaintiff exhausted his administrative remedies as to his excessive force claim. Plaintiff has established that he filed a grievance on July 5, 2008, regarding the use of force, and that he sent a follow-up request in September 2008 when the grievance went unanswered. Because defendants do not argue that plaintiff failed to follow any established procedures regarding unanswered grievances, and the grievance procedures themselves did not require plaintiff to submit a step 2 grievance under the circumstances, defendants fail to prove non-exhaustion of the excessive force claim.

## V.  CONCLUSION

The Court **ORDERS** as follows:

1.    Defendants' motion for summary judgment for failure to exhaust as to plaintiff's claim for use of excessive force (Docket Entry No. 21) is **DENIED**. The Court finds that plaintiff exhausted his administrative remedies as to his claim for use of excessive force.

2.    Defendants' motion for summary judgment for failure to exhaust as to plaintiff's remaining claims (Docket Entry No. 21) is **GRANTED**.  Plaintiff's claims for failure to intervene, conspiracy, and an unwritten policy promoting the use of excessive force are **DISMISSED** for failure to exhaust.

3.    Defendants are **ORDERED** to file a second motion for summary judgment regarding plaintiff's excessive force claim by **NOVEMBER 2, 2010**. Plaintiff is **ORDERED** to file a response to the motion within thirty days after the date reflected in the motion's certificate of service.  Should defendants determine that a motion for summary judgment would be inappropriate, they must advise the Court of that determination within forty days from date of this order.

**THIS IS AN INTERLOCUTORY ORDER**.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on this the 20th day of September, 2010.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE