IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RODRICK LAKIRK SCOTT,           §
                                §
            *Plaintiff*,        §
                                §
v.                              §        CIVIL ACTION NO. H-09-2588
                                §
ALFONSO CASTILLO, *et al.*,     §
                                §
            *Defendants*.       §

## MEMORANDUM OPINION AND ORDER ON REHEARING

On September 20, 2010, the Court granted in part and denied in part defendants'

motion for summary judgment in this *pro se* state inmate civil rights case. The Court granted

summary judgment dismissing all of plaintiff's claims except as to his claim for use of

excessive force. The Court found that plaintiff had exhausted his excessive force claim, and

denied summary judgment as to that claim.

Defendants subsequently filed the pending motion to reconsider (Docket Entry No.

42), asking the Court, based on additional information and arguments, to set aside its finding

that plaintiff exhausted his excessive force claim and to grant summary judgment dismissing

the claim for failure to exhaust. Plaintiff filed a response in opposition to the motion to

reconsider. (Docket Entry No. 50.)

Based on consideration of the motion, the additional information and arguments

provided by defendants, the response, the record, and the applicable law, the Court **GRANTS**

the motion to reconsider. Having reconsidered its finding that plaintiff exhausted his

excessive force claim, the Court **WITHDRAWS** that finding, **GRANTS** defendants' motion for summary judgment, and **DISMISSES** this lawsuit, as follows.

## I.  BACKGROUND

Plaintiff alleged in his complaint that, on July 3, 2008, while confined at the Estelle Unit, he was assaulted by prison officers Beau Fielder, Rocky West II, and Charlsie Hall in a use of force incident, and that a supervisory officer failed to intervene to stop the assault. He further claimed that Fielder, West, Hall, and other prison officers then conspired to file false disciplinary charges against him for assaulting the officers, and that supervisory officers constructed and promoted an unwritten policy of using excessive force against offenders at the Estelle Unit.  Plaintiff requested compensatory damages.  The Court dismissed all of plaintiff's claims for failure to exhaust, with the exception of his excessive force claim.

In their original motion for summary judgment and in the pending motion to reconsider, defendants argue that plaintiff failed to file any grievances regarding the use of force incident of July 3, 2008.  Defendants state that they received a step 1 grievance from plaintiff on October 6, 2008, but that it grieved only that prison officials had failed to process his excessive force grievance of July 5, 2008.  In responding to the grievance of October 6, 2008, prison officials informed plaintiff that their last grievance from him was dated August 27, 2007.  Plaintiff's ensuing step 2 grievance, filed October 28, 2008, requested an investigation into his apparently misplaced grievance of July 5, 2008.  Prison officials

2

responded that their investigation found nothing to support plaintiff's allegation that he had filed the grievance.

Plaintiff, on the other hand, reports that, on July 5, 2008, while in administrative segregation following the use of force incident, he completed and gave a step 1 grievance to offender Michael Arbor to place in the grievance box. Offender Arbor testified by affidavit that he placed plaintiff's grievance in the unit's grievance box on July 5, 2008. Plaintiff states that this grievance had complained of the excessive force incident of July 3, 2008. Plaintiff did not file a step 2 grievance regarding the July 5, 2008, step 1 grievance. He instead filed another step 1 grievance on October 6, 2008, complaining that no action had been taken on his July 5, 2008, step 1 grievance. In their grievance response of October 20, 2008, prison officials stated that there was no record of the grievance dated July 5, 2008. Plaintiff then submitted the step 2 grievance complaining of the misplaced original grievance, to which prison officials responded on December 2, 2008, that their investigation found no support for his claim of a "misplaced" grievance. Thus, at that point, plaintiff had raised a genuine issue of material fact as to exhaustion.

Utilizing *Dillon v. Rogers*, 596 F.3d 260, 272-73 (5th Cir. 2010), the Court reviewed the records and resolved the disputed facts regarding exhaustion in favor of plaintiff, and found that plaintiff had exhausted his available administrative remedies as to the excessive force claim. The Court noted that, if prison grievance regulations or policies require inmates to follow certain procedures when a step 1 grievance is unacknowledged by prison officials,

3

defendants had not so advised the Court.  The Court further noted that, because plaintiff never received a response to the disputed step 1 grievance (regardless of the reason), his failure to file a step 2 grievance was of no moment.  *See Rosa v. Littles*, 336 F. App'x 424, 428 (5th Cir. 2009) (noting that prison grievance procedures require an inmate to file a step 2 grievance within fifteen days of the receipt of an unsatisfactory step-one response).[1]

The Court, accordingly, granted in part and denied in part defendants' motion for summary judgment, and allowed plaintiff to proceed on his excessive force claim.

## II.  ANALYSIS

In the pending motion, defendants ask the Court to reconsider and withdraw its finding that plaintiff exhausted his excessive force claim, and to grant summary judgment dismissing plaintiff's excessive force claim for failure to exhaust.

Prison inmates are required to exhaust all available administrative remedies prior to filing suit in federal court.  *Jones v. Bock*, 549 U.S. 199, 217 (2007).  Proper exhaustion requires that a prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules.  *Woodford v. Ngo*, 548 U.S. 81, 89-93 (2006)  A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or

---

[1]The Court is aware of the Fifth Circuit Court of Appeals' recent unpublished decision in *Mesquiti v. Gallegos*, No. 10-40569, requiring an inmate to file a step 2 grievance where no response to the step 1 grievance has been received.  The Fifth Circuit required the step 2 grievance to be filed for purposes of exhaustion, even though prison regulations hold that a step 2 grievance is to be filed "after receipt of the Step 1 decision."  However, the parties' dispute in the instant case is whether defendants have established that plaintiff failed to file a proper step 1 grievance regarding the excess force incident.

otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84. Failure to exhaust is an affirmative defense, and defendants bear the burden of pleading and proving that an inmate failed to exhaust his administrative remedies prior to filing suit. *Jones*, 549 U.S. at 216; *Dillon*, 596 F.3d at 272.

Here, plaintiff states that he gave his step 1 grievance to another inmate and that the inmate then placed it in the prison's grievance box on behalf of plaintiff. In the motion for reconsideration, defendants argue that, by giving the step 1 grievance to another inmate for filing, plaintiff failed to comply with prison grievance regulations and the grievance was not properly filed. Specifically, defendants state that prison grievance regulations require an inmate to place his own grievance in a unit's grievance box or give it to the unit's grievance investigator; no provision is allowed for one inmate to physically file a grievance for another inmate.

In his response to the motion to reconsider, plaintiff admits that prison regulations require that the grieving inmate place his own grievance in the grievance box or give it to a grievance investigator. He further admits that he did not follow these procedures. To the contrary, he argues that there was no grievance box available to him while he was in administrative segregation. In further support, he attaches an affidavit of another inmate on his unit, who testifies that, "no grievance coordinator ever contact you, nor do you know where the grievance office is, no will you ever see a grievance coordinator." (Docket Entry No. 50, Exhibit 28.) Plaintiff fails, however, to present any probative summary judgment

5

evidence that, prior to giving his step 1 grievance to another inmate for filing, he himself requested that a grievance investigator take the grievance from plaintiff at his administrative segregation cell, or that he made any other actual attempt to give the grievance to a grievance investigator.

To the extent that plaintiff argues prison officials waived exhaustion by failing or refusing to provide him a means for properly filing his step 1 grievance while in administrative segregation, or that his failure to exhaust should be excused because of defendants' refusal or failure to provide him a means for properly filing the grievance, he submits no supporting probative summary judgment evidence of any actual attempt to comply with the regulations and rules for filing his grievance. His tacit assumption that no grievance investigator would have shown up to take his grievance does not constitute probative summary judgment evidence in support of his argument. In absence of summary judgment evidence establishing that he himself attempted to comply with the requirement that he give the grievance to a grievance investigator, plaintiff cannot successfully argue that prison officials refused or failed to provide him a means for properly filing his grievance while he was housed in administrative segregation.

Nor does plaintiff excuse his failure to exhaust through his reliance on *Nussle v. Willetta*, 224 F.3d 95 (2nd Cir. 2000) (holding that the exhaustion requirements do not apply to claims for use of excessive force); this decision was reversed by the Supreme Court in *Porter v. Nussle*, 534 U.S. 516 (2002) (holding that the exhaustion requirements apply to all

6

inmate claims regarding prison life).  Defendants present probative summary judgment evidence establishing that plaintiff failed to file properly a step 1 grievance, and plaintiff fails to present probative summary judgment evidence establishing that exhaustion was waived or should be excused.

Plaintiff fails to raise a genuine issue of material fact precluding the granting of summary judgment, and defendants are entitled to summary judgment dismissing plaintiff's excessive force claim.

## III.  CONCLUSION

The Court **ORDERS** as follows:

1.    Defendants' motion to reconsider (Docket Entry No. 42) is **GRANTED**, and the Court **WITHDRAWS** its finding that plaintiff exhausted his claim for use of excessive force.

2.    Defendants' motion for summary judgment (Docket Entry No. 21) is **GRANTED** for plaintiff's failure to exhaust his claims, and this lawsuit is **DISMISSED WITH PREJUDICE**.

3.    Any and all pending motions are **DENIED AS MOOT**.

The Clerk will provide copies to the parties.

Signed at Houston, Texas, on this the 20th day of June, 2011.


_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


7